IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

**JARVIS VONTREZ HODO,**

    **Plaintiff,**

v.                                                      Case No. 5:25-cv-90-AW-MJF

**C.M. WEINDEL,**

    **Defendant.**

_____/

## ORDER ADOPTING REPORT AND RECOMMENDATION

Having carefully considered the matter, I now adopt the report and recommendation (ECF No. 7) and incorporate it in full into this order. I overrule Plaintiff's objections, ECF Nos. 8, 9, which I have considered de novo.

As the magistrate judge explains, Plaintiff did not disclose his litigation history as required. Instead, Plaintiff swore under oath that he did not have prior qualifying cases, which was untrue. I agree with the magistrate judge that dismissal is appropriate and that a lesser sanction would be insufficient. I also note that there is no indication the dismissal will operate as a decision on the merits; the complaint alleges conduct from 2024, which means the statute of limitations has not run.

In his objections, Plaintiff essentially blames someone from the prison law library. He says he alerted the person that he had a prior case, but that the person could not find it and instructed him to check "no." But by his own admission, then, Plaintiff was aware he had a prior case. Assuming he truthfully says he did not recall

1

the details or the case number, he still should not have checked "no," when that was inaccurate. Notably, after Plaintiff's initial complaint did not answer one of the prior-litigation questions, the magistrate judge gave Plaintiff an opportunity to amend. The magistrate judge clearly indicated that Plaintiff was not to check "no" just because he could not recall details. *See* ECF No. 5 at 2 ("If Plaintiff does not have sufficient records or cannot remember the cases he has filed, he must contact the relevant court(s) to determine those cases so that he can make a full, complete, and honest accounting of them. Plaintiff should retain a copy of his inquiry letter (and any response he receives) as evidence that he made a reasonable, good-faith effort to accurately disclose his litigation history."). At bottom, I agree that dismissal is appropriate.

The clerk will enter a judgment that says, "This case is dismissed without prejudice as malicious for failure to disclose litigation history." The clerk will then close the file.

SO ORDERED on July 7, 2025.

s/ *Allen Winsor*
Chief United States District Judge
